UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **RAJESH PANTHRI,**<br>    Plaintiff<br>  v.<br><br>**ALEJANDRO MAYORKAS,** Secretary, U.S. Department of Homeland Security; **U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES;** and **GREGORY A. RICARDSON,** Director, U.S. Citizenship and Immigration Services, Texas Service Center,<br>    Defendants. | )<br>)<br>)<br>)  C.A. No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLANTIFF'S COMPLAINT FOR DECLARATORY RELIEF AND
WRIT OF MANDAMUS**

This action is brought by the Plaintiff, **Rajesh Panthri**, against the Defendants to compel immediate action on pending applications to extend his L-2 nonimmigrant status and for employment authorization which were properly filed by the Plaintiff on September 28, 2020. The applications remain within the jurisdiction of the Defendants, who have improperly withheld action on said applications to the Plaintiff's detriment.

**PARTIES**

1.     The Plaintiff, **Rajesh Panthri**, is a native and citizen of India who resides in South Weymouth, Massachusetts with his wife who works in the United States in valid L-1A visa status.

2.     The Defendant, **Alejandro Mayorkas**, is being sued in his official capacity as the Secretary of the Department of Homeland Security.  In this capacity, he is charged with the administration and enforcement of the immigration laws, pursuant to 8 U.S.C., §1103, and he possesses extensive discretionary powers to grant certain relief to non-U.S. Citizens. More

specifically, the Secretary of the Department of Homeland Security is responsible for the adjudication of applications for nonimmigrant visas, employment authorization documents, applications to adjust status, and various other immigration applications pursuant to §§ 204, 245, et. seq. of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1154, 8 U.S.C. §1255, et. seq.  The U.S. Citizenship and Immigration Services is an agency within the Department of Homeland Security to whom the Secretary's authority has in part been delegated, and is subject to the Secretary's supervision.

3.	The Defendants, **Department of Homeland Security (hereinafter "DHS") and the U.S. Citizenship and Immigration Services (hereinafter "USCIS")** are the agencies responsible for enforcing the INA and for adjudicating and properly acting on the Plaintiff's pending applications for employment authorization and to extend his nonimmigrant visa status.

4.	The Defendant, **U.S. Citizenship and Immigration Servic**es**,** includes the **Texas Service Center.** The Defendant, **Gregory A. Richardson**, is the Director of the Texas Service Center which is the place where the Plaintiff's applications were filed and where they are still pending. The USCIS Texas Service Center is located at 6046 N. Belt Line Rd., Irving, TX 75038.

## JURISDICTION

5.	Jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. §§ 551, et seq., 5 U.S.C. §§ 701 et seq., and 28 U.S.C. §§ 2201 et seq.  Relief is requested pursuant to said statutes. This action is not barred by the Real ID Act, P.L. 109-13, 119 Stat. 231 (May 11, 2005). The Plaintiff files this case to compel action on delayed applications due to the damage he has suffered by the delay. The Plaintiff does not seek review of a discretionary decision of the Defendants.

## VENUE

6.     Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the Plaintiff and a Defendant reside and where a substantial portion of the events or omissions giving rise to the Plaintiff's claims occurred.  More specifically, the Plaintiff lives and works in Massachusetts and the Plaintiff's applications were filed while he lived in Massachusetts and where he has lived since the applications were filed.

## EXHAUSTION OF REMEDIES

7.     The Plaintiff has exhausted his administrative remedies.  The Plaintiff paid the filing fee for his applications for employment authorization and to extend his nonimmigrant status and has made numerous attempts to expedite adjudication of his applications. However, as of this date, the USCIS has failed to adjudicate either of the Plaintiff's applications.

## CAUSE OF ACTION

8.     On November 19, 2012, the Plaintiff married his wife, Aditi Sharma, in India. Prior to entering the United States the Plaintiff's wife worked in a managerial position for a wholly owned subsidiary of Fidelity Investments. In April, 2018 the Plaintiff entered the United States in valid L-2 visa status with his wife based on her approved L-1A visa which was sponsored by her current employer, FMR LLC d/b/a Fidelity Investments. Subsequent to entering the United States the Plaintiff applied for an employment authorization document ("EAD") on Form I-765. The Defendant, USCIS, approved the Plaintiff's application and he was allowed to work with the EAD card from August 30, 2018 through August 29, 2020. (A copy of the Plaintiff's EAD card is attached hereto as Exhibit A). After he obtained his EAD card, the Plaintiff commenced work for Tiger Analytics where he worked from November 5, 2018 through April, 2020.

9. In early March, 2020, the Plaintiff applied to renew his EAD card so he could continue his employment. The Defendant, USCIS, received the application on March 17, 2020 and by notice dated April 21, 2020 approved the Plaintiff's new EAD card with a validity period from April 21, 2020 through March 4, 2021. (Copies of the receipt for the I-765 and the Plaintiff's EAD card are attached hereto as Exhibit B). On June 22, 2020, the Plaintiff commenced work for Fidelity Investments in the position of Vice President, Analytics & Research. His current annual salary is $160,000 plus bonus. However, in order to continue his job with Fidelity Investments he must obtain a new EAD card immediately or he will have to stop working on March 4, 2021.

10. When the Plaintiff entered the United States in April, 2018 with his wife, they were authorized to remain in this country until March 4, 2021. In order for the Plaintiff's wife to continue her employment with Fidelity Investments in valid L-1A status she was required to apply for an extension of her visa prior to the expiration date of her initial L-1A visa. As her husband, the Plaintiff was also required to apply for an extension of his L-2 visa. Under the Immigration and Nationality Act, the Plaintiff is permitted to seek an extension of his L-2 visa concurrently with his wife's application to extend her L-1A visa. The Plaintiff's application to extend his L-2 nonimmigrant status is filed on Form I-539 which requires a filing fee and biometrics. Therefore, on September 28, 2020, Fidelity Investments filed an application to extend the Plaintiff's wife's L-1A visa. The Plaintiff filed an application to extend his L-2 visa status (Form I-539) and to renew his employment authorization document (Form I-765) concurrently with his wife's application. (Copies of the receipts for the Plaintiff's applications are attached hereto as Exhibit C). The Plaintiff's applications are the subject of this litigation.

11. In order to expedite approval of its visa petition, Fidelity Investments paid an additional filing fee to request premium processing for the Plaintiff's wife's L-1A visa extension. Prior to

March, 2019, the Defendant, USCIS, would premium process adjudication of Form I-539 for derivative beneficiaries of the petition to extend an L-1A visa. Moreover, adjudication of any accompanying Form I-765 would also be processed expeditiously. However, the Trump Administration discontinued this long-standing practice and no longer permitted expeditious adjudication of Forms I-539 and I-765 filed concurrently with a primary beneficiary's application to extend an L-1A visa. In a deliberate effort to eviscerate normal processing times for applications like the Plaintiff's, the Trump Administration unnecessarily created delays in producing EAD cards through policy changes and closures of USCIS Application Support Centers without justification.

12. By notice dated December 14, 2020, the USCIS approved the Plaintiff's wife's L-1A extension which is now valid from March 5, 2021 through March 4, 2023. (A copy of the approval notice is attached hereto as Exhibit D). However, the USCIS has failed and/or refused to approve the Plaintiff's L-2 extension and the application to renew his EAD card. Unless the Plaintiff's applications are approved immediately he will no longer be eligible to work for his employer and will have to cease employment on March 4, 2021.

13. The Plaintiff paid all required fees for his application to extend his L-2 visa status and to obtain his EAD card and has complied in all respects with the Immigration and Nationality Act regarding his application process. Subsequent to filing his applications, the Plaintiff has made multiple inquiries regarding the status of the applications. However, as of the date of this filing, the USCIS has failed and/or refused to adjudicate either of the Plaintiff's applications.

14. The government's failure to adjudicate the Plaintiff's applications to extend his L-2 visa status and his application for employment authorization has caused the Plaintiff to suffer constant anxiety and has put his life on hold. As a direct result of the Defendants' failure to

perform their duties to adjudicate the applications, the plaintiff will lose his job with Fidelity Investments and will experience considerable financial damage. The Plaintiff is statutorily eligible to extend his L-2 visa status and to renew employment authorization card. The USCIS' failure to adjudicate the Plaintiff's application has had a profound impact on the Plaintiff and his wife and the Plaintiff is entitled to decisions on his pending applications.

15. The Defendants are unlawfully withholding or unreasonably delaying action on the Plaintiff's applications to extend his nonimmigrant status and to renew his EAD card and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case.  The Plaintiff is entitled to decisions on his applications and demands that the Defendants make such decisions. The Plaintiff seeks a Court order requiring the Defendants to adjudicate his applications expeditiously.

## COUNT I - Violation of the Administrative Procedure Act

16. The Plaintiff repeats and re-alleges the allegations in paragraphs 1-15 above and incorporates them herein by reference.

17. The Administrative Procedure Act ("APA") imposes a duty on an agency to "conclude a matter presented to it" within "a reasonable time."  5 U.S.C. § 555(b).  A reviewing court "shall…compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706 (2018); *see also* 5 U.S.C. §§ 702, 706 (2018).

18. The Defendants' obligation to adjudicate the Plaintiff's application for employment authorization and issue him an EAD card as the spouse of an L-1A visa holder is not discretionary. *See 8 U.S.C. § 1184(c)(2)(E) and 8 U.S.C. § 1184(e)(6)* which provide the agency "shall authorize the alien spouse to engage in employment in the United States and provide the spouse with an 'employment authorized' endorsement or other appropriate work permit."  By

delaying adjudication of the Plaintiff's applications, the Defendants have caused severe financial and emotional damage to the Plaintiff. This lawsuit presents the only viable solution to the Plaintiff's problem.

19. The Plaintiff asks the Court to order the Defendants to adjudicate his pending applications to extend his L-2 visa status and for employment authorization immediately.

## COUNT II – Mandamus

20. The Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 above and incorporates them herein by reference.

21. The Mandamus Act empowers this court to compel an officer of the United States to perform a duty he or she is required to do.  28 U.S.C. § 1361.  A writ of mandamus is appropriate when "(1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available."  Estate of Michael ex rel. Michael v. Lullo, 173 F.3d 503, 512-13 (4th Cir. 1999) (citation omitted). All the elements are satisfied when an agency fails to decide applications such as those properly filed by the Plaintiff.

22. Plaintiff asks the Court to issue a writ of mandamus ordering the Defendants to adjudicate his pending applications to extend his L-2 visa status and for employment authorization immediately.

## PRAYERS FOR RELIEF

WHEREFORE the Plaintiff respectfully prays that this honorable Court enter an order:

(a) accepting jurisdiction over this matter;

(b) requiring Defendants to adjudicate the Plaintiff's application to extend his L-2 visa status (Form I-539) and his application for employment authorization (Form I-765) immediately and further requiring the Defendant, USCIS, to issue the Plaintiff an EAD card;

(c) awarding the Plaintiff all costs and reasonable attorney's fees associated with this matter; and

(d) granting such other relief at law and in equity as justice may require.

**Respectfully submitted,**

**Rajesh Panthri**
**By his attorney,**


**/s/ Anthony Drago, Esq.**
**Anthony Drago, Esq. (BBO #552437)**
**Anthony Drago, Jr., P.C.**
**88 Broad Street – 5th Floor**
**Boston, MA 02110**
**(617) 357-0400**
**Anthony@adragopc.com**